UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUIFENG HUANG,<br><br>                Petitioner,<br><br>              v.<br><br>JUDITH ALMODOVAR, *in her official capacity as Field Office Director of Enforcement and Removal Operations, New York City, Immigration and Customs Enforcement*; KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; PAMELA BONDI, *in her official capacity as Attorney General of the United States*; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;<br><br>                Respondents. | No. 26-CV-1293<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

On February 16, 2026, Petitioner Guifeng Huang, a Chinese national who entered the United States on October 28, 2023, was re-detained by U.S. Immigration and Customs Enforcement ("ICE"). Dkt. No. 1 ("Pet.") ¶ 16; Dkt. No. 4 ("Gov. Opp'n"), Ex. 1 ("Notice to Appear"). On October 31, 2023, shortly after her initial detention at the border, Ms. Huang was released into the country on her own recognizance. Gov. Opp'n, Ex. 3 ("Order of Release on Recognizance").

Ms. Huang was arrested on February 16, 2026 by the Nassau County Police Department for prostitution. Gov. Opp'n at 1. The Nassau County Police then notified ICE that they had detained Ms. Huang, and ICE officers "arrested her pursuant to a Warrant for Arrest." *Id.* As Petitioner notes, the prostitution arrest was not cited by the Government as the reason for her detention by ICE; instead, she was detained for "being illegally present in the United States." Gov. Opp'n Ex. 5.

On February 16, 2026, while Ms. Huang states that she was present in this District, she filed a petition for a writ of habeas corpus seeking immediate release from custody. Pet. ¶ 9.[1] On February 19, 2026, the Government filed its response, acknowledging that the facts of this case "resemble those" underlying this Court's decision in *Rivera Esperanza v. Francis*, 2025 WL 3513983 (S.D.N.Y. Dec. 8, 2025) and thus "control[s] the result" for Ms. Huang. Gov. Opp'n at 2.

The Court agrees. The circumstances of Ms. Huang's detention are similar to those considered by this Court in *Rivera Esperanza*. In that case, the Court concluded that 8 U.S.C. § 1226(a) governed the petitioner's detention, rather than 8 U.S.C. § 1225(b)(2)(A), as the Government contended. *Rivera Esperanza*, 2025 WL 3513983, at *2–6. The Court also determined that, because the Government did not provide the petitioner any process before his arrest under Section 1226, it violated his right to due process. *Id.* at *7–8. Finally, the Court found that the petitioner was excused from exhausting his administrative remedies because "administrative appeal would be futile" and the petitioner "ha[d] raised a substantial constitutional question." *Id.* at *9 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), as amended (July 24, 2003)).

The Court reaches the same conclusions here: Ms. Huang's arrest by ICE was governed by Section 1226(a), she was not afforded any process before her arrest, and she is excused from exhausting her administrative remedies. On this basis, and for the reasons stated in *Rivera Esperanza*, the Court thus grants the Petition and orders Ms. Huang's release from custody within 24 hours of the date of this Order.

---

[1] Petitioner states that she was detained at 26 Federal Plaza in Manhattan, when her habeas petition was filed, which would render habeas jurisdiction proper in this District. Pet. ¶ 9; *id.* Ex. A. *See, e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 451–52 (2004) (Kennedy, J., concurring). The Government does not dispute as much.

Ms. Huang also seeks an award of reasonable fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Pet. at 22. She may submit an application for fees and costs pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412 within thirty days of final judgment in this action.

For the reasons stated above, Ms. Huang's Petition is granted. The Government is ordered to transport Ms. Huang back to the Southern District of New York within 24 hours of the date of this Order, and immediately upon effectuating her transfer, release her from custody. It shall further certify compliance with the Court's order by promptly filing it on the docket. The hearing scheduled for February 24, 2026 is adjourned. The Clerk of Court is hereby respectfully directed to terminate this case and any pending motions, and enter judgment for Petitioner.

SO ORDERED.

Dated:       February 20, 2026
              New York, New York

_____
Ronnie Abrams
United States District Judge